**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2008[*]
Decided April 10, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-2805

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-101 |
| KATHY L. PERRY, *Defendant-Appellant.* | William C. Griesbach, *Judge*. |

**O R D E R**

Kathy Perry pleaded guilty to conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). In December 2005 she was sentenced to 10 years' imprisonment, the statutory minimum since the offense involved at least five grams. *See id.* § 841(b)(1)(B)(iii). At sentencing the prosecutor told the district court that Perry had provided information

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

about a fugitive coconspirator, and that the government anticipated filing a post-sentence motion for a reduced sentence if he was arrested and prosecuted.  *See* FED. R. CRIM. P. 35(b). The government never filed a Rule 35(b) motion, so Perry, by then pro se, filed one herself more than a year after sentencing.  The district court denied Perry's motion because she received the statutory minimum, the government had not moved to reduce that term, and it was too late—so the court thought—for the government to file a motion under Rule 35(b). Perry appeals.

Rule 35(b) authorizes a district court to reduce a sentence for substantial assistance only "upon the government's motion."  FED. R. CRIM. P. 35(b)(1); *see Wade v. United States*, 504 U.S. 181, 185-86 (1992).  The government must act within a year of sentencing unless the defendant's information was not known or did not become useful until later.  FED. R. CRIM. P. 35(b)(2).  Here, the government has yet to file a Rule 35(b) motion for Perry's substantial assistance.  And Perry did not allege any breach of promise, unconstitutional motive, or bad faith on the government's part.  *See Wade*, 504 U.S. at 185-87; *United States v. Wilson*, 390 F.3d 1003, 1011-13 (7th Cir. 2004).  The district court in this case thus had no choice but to deny Perry's motion.

AFFIRMED.